United States Bankruptcy Court
Eastern District of Michigan

In re **Gary Eugene Weaver**
**Jill Louise Weaver** _____
Debtor(s)

Case No. _____
Chapter **13**

## CHAPTER 13 PLAN OF REORGANIZATION

**[X]** Original      **[ ]** Pre-Confirmation Modification #_____     **[ ]** Post-Confirmation Modification #_____

The term "Debtor(s)" refers to the person or both persons who filed the petition for relief in this case.

## 1. NOTICE TO CREDITORS AND ANY PARTY IN INTEREST:

You have been named as a creditor or party in interest by the above Debtor(s) who proposes this Chapter 13 Plan of Reorganization that may affect your rights.

**You should read this plan carefully and consult with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by allowing payment of less than the full amount of your claim, and bind you and the Debtor(s) to the terms of this Plan.**

**If you oppose any provisions of this Plan you must file a written Objection to Confirmation of this Plan by the deadline fixed by Court Rules or a Court Order.** (See L.B.R.3015-3(E.D.M.))

If you have a claim you need to file a Proof of Claim with the Bankruptcy Clerk by the claims deadline.

## 2. FUNDING OF PLAN

The future earnings of the Debtor(s) shall be submitted to the supervision and control of the Trustee who shall receive payments for a commitment period of:

**[ ]** 3 years;     **[ x ]** 5 years;     or **[ ]** _____ months.

Pursuant to 11 U.S.C. §1326, not later than 30 days after the filing of the order for relief, the Debtor(s) shall begin making periodic payments to the Trustee as follows:

**[ ]** $_____ weekly;     **[ ]** $ 172.33 every two weeks; until 6/2013 then $217.68

**[ x ]** $_____ monthly;     **[ ]** $_____ twice per month.

Chapt 13 Model Plan Version 2.107

Additionally, the Debtor(s) commits for payment into the Plan:

**[ x ]** 100%;                **[ ]** 50%; but not less than $_____

each year of all future income tax refunds to which the Debtor(s) is entitled during the commitment period of the Plan and the Debtor(s) shall not alter any withholding exemptions without first obtaining approval from the Trustee.

**[ ]** Other funding provisions of the Plan are as follows: _____
_____

## 3. DISBURSEMENTS

From the funds received by the Debtor(s), and after confirmation of the Plan or as otherwise authorized by the Court or Court Rules, the Trustee shall make disbursements by proceeding in alphabetical order as described in those categories that appear below and in the order presented as follows:

**(A); PRE CONFIRMATION ADEQUATE PROTECTION PAYMENTS.**

The Trustee shall disburse Pre-Confirmation to the creditors listed below who hold a Purchase Money Security Interest in personal property, or a mortgage on the Debtor(s) principal residence or other real property, or who are a vendor with respect to an executory contract that is assumed by the Debtor(s) on their principal residence or other real property, 30% of the regular monthly obligation, and to the lessors of personal property 100% of the regular monthly obligation, if funds are available and the conditions of L.B.R. 4001-7(a)(3)(E.D.M.) are satisfied, which require in part that a proof of claim, with evidence of a valid security interest attached setting forth the amount of the regular monthly obligation, is filed by the creditor and served on the Trustee and the Debtor(s) by the 14th day of the month prior to the next regular scheduled monthly disbursement by the Trustee.

CREDITOR NAME                                    COLLATERAL DESCRIPTION
(Not Applicable unless a creditor(s) inserted here)

The Trustee will be paid a fee equal to the applicable statutory percentage fee on all Adequate Protection Payments made under this provision.

**(B); DOMESTIC SUPPORT OBLIGATION(S), ENTITLED TO PRIORITY STATUS PER 11 U.S.C. §507(A)(1)(A).**

The following pre-petition Domestic Support Obligation(s) shall be paid in full through the plan by the Trustee, if a proof of claim has been timely filed, and shall be paid prior to all other claims except the administrative expenses of the Trustee.

NAME                    ADDRESS                    CITY        STATE/ZIP CODE
(Not Applicable unless a creditor(s) inserted here)

## (C); ADMINISTRATIVE EXPENSE CLAIMS.

The Trustee shall pay any unpaid filing fees due the Clerk. Then the Trustee shall be paid a percentage fee as determined by the United States Trustee for disbursements under this Plan.

The court approved fees and expenses of the attorney for the Debtor(s) shall be paid by the Trustee in equal payments over four (4) months unless another period is checked below;

[ ] 6 months   [ **x** ] 8 months   [ ] _____ months

Post-confirmation attorney fees and expenses for the Debtor(s) shall be approved by the court and paid as an Administrative Expense in the same manner as pre-confirmation attorney fees and expenses, and the Plan commitment period shall be extended or the Plan payment increased to the extent necessary to pay post-petition attorney fees.

## (D); MORTGAGE OR EXECUTORY CONTRACTS ON REAL PROPERTY.

**THROUGH THE PLAN BY THE TRUSTEE:**
**Principal Residence and Other Non-Modified Real Property**

The creditor(s) listed below hold a mortgage, which lien shall be retained by the creditor, or is a vendor with respect to an executory contract that is assumed by the Debtor(s), on their principal residence, or other real property and the Trustee shall pay the regular monthly obligation which includes interest at the contract rate and any applicable escrow if a proof of claim has been filed;

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|

(Not Applicable unless a creditor(s) inserted here)

Any arrears accrued post petition-pre confirmation to a creditor listed above shall be cured by equal payments over the first twelve (12) months of the confirmed plan.

The escrow, if any, may be adjusted in accordance with the contract upon notification to the Trustee. The Debtor shall increase Plan payments to reflect any increased obligation caused by the escrow adjustments and the Trustee is authorized to submit an amended Pay Order to implement this provision (See L.B.R. 3015-1(a)(9)(A).

**Other Real Property Claim(s) to be Modified**

The Debtor(s) proposes to modify the amount of the secured claim to the replacement value of the collateral for the creditors listed below who shall be treated in the same manner as other secured claims recited in section 3(G) of this plan. Payments of the replacement value shall be made in equal monthly payments by the Trustee over the commitment period of the plan, if a claim has been filed. The excess of the claim amount over the replacement value of their collateral shall be paid in the same manner as general non-priority unsecured claims.

| CREDITOR NAME | COLLATERAL DESCRIPTION | REPLACEMENT VALUE | INTEREST RATE |
|---|---|---|---|

(Not Applicable unless a creditor(s) inserted here)

**DIRECT PAYMENTS BY THE DEBTOR(S) OUTSIDE THE PLAN:**

The regular monthly payment on the Debtor(s) principal residence or other real property will be paid directly by the Debtor(s) and not by the Trustee as the Debtor(s) is current on the debt(s) to the creditor(s) listed below:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| GMAC MORTGAGE | $599 |
| CHASE | $125 |

**SURRENDER OF THE PRINCIPAL RESIDENCE OR OTHER REAL PROPERTY:**

The Debtor(s) will surrender their principal residence or other real property to the following mortgage creditor(s) or executory contract vendor(s), and the automatic stay shall be lifted upon confirmation of the Plan.

CREDITOR NAME
(Not Applicable unless a creditor(s) inserted here)

**LIEN STRIPPING OF MORTGAGE CREDITOR:**

The lien of the following mortgage creditor(s) shall be stripped from the Debtor(s) principal residence for the reason there is no equity to support a secured claim, and their claim(s) shall be treated entirely as an unsecured claim. Upon the successful completion of this plan the lien of these mortgage creditor(s) shall be removed by providing the Debtor(s) with a recordable mortgage discharge.

CREDITOR NAME
(Not Applicable unless a creditor(s) inserted here)

**(E); EXECUTORY CONTRACTS OR UNEXPIRED LEASES ON PERSONAL PROPERTY.**

The following creditor(s) listed in a subsection below hold an executory contract or unexpired lease on personal property that is assumed by the Debtor(s), and if a claim is filed, will be paid in the manner as described below:

**THROUGH THE PLAN BY THE TRUSTEE:**

The regular monthly payment to the creditor(s) listed below will be disbursed by the Trustee as follows:

| CREDITOR NAME | PROPERTY DESCRIPTION | MONTHLY PAYMENT |
|---|---|---|
| (Not Applicable unless a creditor(s) inserted here) | | |

Any arrears accrued pre-confirmation to a creditor listed above shall be cured by equal monthly payments over the first six (6) months of the Confirmed Plan.

**DIRECT PAYMENT BY THE DEBTOR(S) OUTSIDE THE PLAN:**

The regular monthly payment to the creditor(s) listed below will be paid directly by the Debtor(s) and not the Trustee as the Debtor(s) is current on this obligation:

CREDITOR
NAME                              COLLATERAL                    DESCRIPTION
(Not Applicable unless a creditor(s) inserted here)

**Any executory contract or unexpired lease not listed in this category is rejected, and the automatic stay shall be lifted upon confirmation of the Plan with respect to any rejected executory contract or unexpired lease.**

**(F); PRE-PETITION ARREARS - MORTGAGE OR EXECUTORY CONTRACTS ON THE DEBTOR(S) PRINCEPAL RESIDENCE OR OTHER NON-MODIFIED REAL PROPERTY.**

If a mortgage is in arrears pre-petition and a claim has been filed, it will be cured with interest at the contract rate if the mortgage was executed prior to October 22, 1994, or without interest if the mortgage was executed after October 22, 1994.

If an executory contract on real property is in arrears pre-petition and a claim has been filed, it will be cured with interest at the contract rate.

Cure of any pre-petition arrears shall be by equal monthly payments to be paid by the Trustee over the first thirty-six (36) months of the confirmed plan.

**(G); SECURED CLAIMS ON PERSONAL PROPERTY.**

**Although you may believe your claim is a secured claim, it may nonetheless be classified as an unsecured claim, and be treated as such. UNLESS YOUR CLAIM IS SET FORTH SPECIFICALLY IN THIS PLAN AS A SECURED CLAIM, THE DEBTOR(S) IS PURPOSELY CLASSIFYING YOUR CLAIM AS UNSECURED AND IT WILL BE TREATED AS AN UNSECURED CLAIM DESPITE YOUR BELIEF THAT IT IS A SECURED CLAIM. ACCORDINGLY, YOU MUST TIMELY OBJECT TO CONFIRMATION OF THIS PLAN, OR YOU WILL BE DEEMED TO HAVE ACCEPTED THIS PLAN'S TREATMENT OF YOUR CLAIM.(SEE L.B.R.3015-3 (E.D.M.))**

Secured creditor(s) listed below shall retain their liens until the earlier of the full payment of their underlying debt as determined under non-bankruptcy law, or a Discharge Order is entered by the Bankruptcy Court. If this case is dismissed or converted to another proceeding before completion of the Plan, secured creditors shall continue to retain their liens to the extent recognized by applicable non-bankruptcy law.

Upon confirmation of the Plan by the Bankruptcy Court, the annual interest rate recited below will be binding on that creditor(s) unless a timely written objection to confirmation is filed and sustained by the Bankruptcy Court.

Payment to the secured creditor(s) listed below in this category who have filed claims shall be made as follows:
**THROUGH THE PLAN BY THE TRUSTEE:**

The secured creditors listed below have a Purchase Money Security Interest in a Motor Vehicle incurred within 910 days prior to the petition filing date and/or other collateral incurred during the one year period preceding the filing date, and shall be paid by the Trustee the remaining amount of their claim in equal monthly payments over the commitment period of the plan.

| CREDITOR NAME | COLLATERAL DESCRIPTION | INTEREST RATE |
|---|---|---|

(Not Applicable unless a creditor(s) inserted here)

The secured creditors listed below shall be paid the replacement value of their collateral in equal monthly payments over the commitment period of the plan. The excess of the claim amount over the replacement value of their collateral shall be paid in the same manner as general non-priority unsecured claims.

| CREDITOR NAME | COLLATERAL DESCRIPTION | REPLACEMENT VALUE | ANNUAL INTEREST RATE |
|---|---|---|---|

(Not Applicable unless a creditor(s) inserted here)

**The Debtor(s) has stated the replacement value of the collateral as listed above. If a secured creditor claims a different replacement value, or different interest rate, then that creditor MUST TIMELY OBJECT TO THE CONFIRMATION OF THIS PLAN (SEE L.B.R.3015-3(E.D.M.)), AND THE REPLACEMENT VALUE AND/OR INTEREST RATE DISPUTE WILL BE LITIGATED AND DECIDED AS PART OF THE CONFIRMATION HEARING. Failure to timely object to the confirmation of this Plan shall be deemed to be an acceptance of this Plan's statement of replacement value and interest rate. This is notice that the Confirmation Hearing is also a hearing pursuant to F.R. BANKR.P.3012, VALUING YOUR SECURED CLAIM.**

**DIRECT PAYMENT BY THE DEBTOR(S) OUTSIDE THE PLAN:**

The following secured creditor(s) will be paid directly by the Debtor(s) and not by the Trustee as the Debtor(s) is current on the debt(s) and, if applicable, the replacement value of the collateral exceeds the claim amount (See L.B.R. 3071-1 EDM).

| CREDITOR NAME | COLLATERAL DESCRIPTION |
|---|---|
| FORD MOTOR CREDIT | 2010 Ford Fusion |

**SURRENDER OF SECURED CREDITOR(S) COLLATERAL:**

Collateral held by the Debtor(s) shall be surrendered within 30 days after confirmation of the Plan to the following secured creditor(s) in satisfaction of their secured claim(s), and the automatic stay be lifted upon confirmation of the Plan.

| CREDITOR NAME | COLLATERAL DESCRIPTION |
|---|---|

(Not Applicable unless a creditor(s) inserted here)

## (H); SPECIAL UNSECURED CLAIMS.

The timely filed claims of the following unsecured creditor(s) listed below shall be paid by the Trustee in full with interest at the original contract rate in equal monthly payments, over the commitment period of the plan.

CREDITOR NAME_____
(Not Applicable unless a creditor(s) inserted here)

The reason for the special treatment to these unsecured creditor(s) is as follows:

[  ] The claim is one on which an individual other than the Debtor(s) is also liable or has pledged their own property.

The claim is not dischargeable, or is otherwise entitled to special treatment for the following reasons:
[  ] Non-sufficient funds check   [  ] Criminal Proceeding   [  ] Continuing Professional Service
[  ] Other Reason: _____

## (I);  OTHER PAYMENT PROVISIONS FOR DOMESTIC SUPPORT OBLIGATION(S)

The Debtor(s) is required to make payment(s) to the following holder(s) of a Domestic Support Obligation:

NAME                         ADDRESS                    CITY         STATE/ZIPCODE_____
(Not Applicable unless a creditor(s) inserted here)

Payment to the Domestic Support Obligation(s) who have filed claims shall be made in the following manner:

[  ] If this box is checked, the Domestic Support Obligation(s) will be paid directly by the Debtor(s) outside the plan and not by the Trustee.

[  ] If this box is checked, the pre-petition Domestic Support Obligation(s) shall be paid in full through the plan by equal monthly payments over the term of the plan.

[  ] If this box is checked, the Debtor(s) Domestic Support Obligation has been assigned to a governmental unit and the Plan's term is a five (5) year period. Only a portion of the pre-petition Domestic Support Obligation will be paid through this Plan. The remaining portion not paid at the completion of the Plan shall not be discharged and the Debtor(s) will continue to be responsible to make further payments.
$_____ is the portion to be paid through this Plan, in equal monthly payments by the Trustee over the commitment period of the plan.

## (J); CURE DEFAULT AND MAINTENANCE OF PAYMENTS PER 11 U.S.C., §1322(B)(5).

Payments to creditor(s) listed below in this category who have filed claims on which the last payment is due after the date on which the final payment under the plan is due shall have any default cured and the maintenance of payments due while this case is pending paid as follows:
**THROUGH THE PLAN BY THE TRUSTEE:**

The Trustee shall disburse a monthly payment as shown below, which includes the regular monthly payment and an amount to cure a default, if any, during the plan's commitment period, to the following creditors:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|

(Not Applicable unless a creditor(s) inserted here)

**DIRECT PAYMENT BY THE DEBTOR(S) OUTSIDE THE PLAN:**

The following creditors will be paid directly by the Debtor(s) and not by the Trustee, either by a current monthly payment, or future payments if the loan is in deferred status.

CREDITOR NAME
(Not Applicable unless a creditor(s) inserted here)

**(K); PRIORITY UNSECURED CLAIMS OTHER THAN A DOMESTIC SUPPORT OBLIGATION.**

All timely filed claims entitled to priority status pursuant to 11 U.S.C. §507, other than a Domestic Support Obligation, shall be paid in full pro rata by the Trustee through the Plan in deferred cash payments.

**(L); GENERAL NON-PRIORITY UNSECURED CLAIMS**

After payment of all claims in the previous categories described above, the Trustee shall disburse on a pro-rata basis any remaining funds to general non-priority unsecured creditors whose claims are timely filed.

This is a base plan and no percentage or amount is guaranteed to general unsecured creditors in this category. An estimate of the percentage dividend to be paid to general non-priority unsecured creditors is shown on the attached worksheet. The present value of the amount to be distributed to general non-priority unsecured creditors through this Plan is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under a Chapter 7 proceeding, as shown in the liquidation analysis set forth at the end of the Plan. (See L.B.R. 3015-1(b)(E.D.M.))

If the liquidation analysis demonstrates that general non-priority unsecured claims would be paid 100% in a hypothetical Chapter 7 proceeding, such general non-priority unsecured claims shall receive an additional 5% annual interest during the commitment period of the Plan until paid in full.

**INSUFFICIENT FUNDS AVAILABLE FOR DISBURSEMENT BY THE TRUSTEE**

If there are insufficient funds available for the Trustee to make a required payment within a category while disbursing in the alphabetical order of categories as described above, the Trustee is authorized to make a reduced disbursement at that category level pro rata based on all required payments within that category.

**EXCESS FUNDS AVAILABLE FOR DISBURSEMENT BY THE TRUSTEE**

If there are excess funds available after required payments in categories A through J have been disbursed, then the Trustee is authorized to disburse additional funds on claims as they appear in alphabetical order in the categories described above, pro rata within a category, paying all claims in full within a category before proceeding alphabetically to the next category, except any Mortgage, Executory Contract, or Lease claim in category D and E will be paid only the regular continuing monthly payment due each month.

The Trustee is authorized to hold on reserve, any funds deposited on behalf of a Debtor(s) for a reasonable time to ensure that the payment is not returned as non-sufficient funds before making disbursement of those funds.

## 4. GENERAL PROVISIONS:

**(A); MODEL PLAN EXCEPTIONS.**

This Plan is identical to the standard Chapter 13 Model Plan adopted for use in the Eastern District of Michigan in all respects except as follows:
_____

**(B); EFFECTIVE DATE AND PLAN COMPLETION.**

The Effective Date of this Plan shall be the date of confirmation. This plan shall be complete when the Trustee has received all of the payments required by this plan, regardless of the percentage of recovery creditors might have received LBR 3015-1(a)(4).

**(C); UNSCHEDULED CREDITORS FILING CLAIMS.**

If a creditor's claim is not listed in the Debtor(s) schedules, but the creditor nonetheless timely files a proof of claim, the Trustee is authorized to classify the claim into one of the categories described above, and to pay the claim consistent with that category.

**(D); POST-PETITION CLAIMS.**

After the notice requirements of L.B.R. 3015-2(c)(E.D.M.) have been satisfied, any post-petition claim filed under 11 U.S.C. 1305 shall be paid in the same manner that claims of a similar type are paid.

**(E); PROPERTY OF THE ESTATE AND DISPOSAL OF NON-EXEMPT PROPERTY.**

Upon confirmation of the Plan, all property of the estate shall vest in the Debtor(s), except for the future earnings of the Debtor(s), and other property specifically devoted to the Plan. Further, the Debtor(s) may not dispose of any claimed non-exempt real or personal property without complying

with L.B.R. 6004-2(E.D.M.). The Debtor(s) shall remain in possession of all property of the estate unless specifically provided otherwise.

**(F); DEBTOR(S) DUTY TO MAINTAIN INSURANCE.**

The Debtor(s) shall maintain all insurance required by law and contract upon property of the estate and the Debtor(s) property. Failure by the Debtor(s) to maintain proper insurance coverage could result in a hearing before the Bankruptcy Court by a creditor seeking to enforce their rights which may include remedies such as the lifting of the Stay Order or Dismissal of the case.

**(G); INJUNCTION AGAINST FUTURE INDEBTEDNESS.**

Upon confirmation of this Plan, the Debtor(s) may not, during the Plan's commitment period, incur credit in excess of $1,500.00 without prior consent of the Trustee, except for a student loan to be paid directly by the Debtor(s) outside the Plan, or refinancing of the principal residence or other real estate of the Debtor(s) for the purpose of acquiring funds to pay general unsecured creditors 100% of their timely filed claims through the Plan 11 U.S.C. §364.

**(H); EFFECT OF ORDERS LIFTING STAY ON DISBURSEMENTS.**

No disbursement shall be made by the Trustee to any secured creditor for whom the Automatic Stay has been lifted until such time as an amended claim is filed by such creditor.

**(I); TAX RETURN DISCLOSURE.**

Pursuant to LBR 3015-1(a)(7), all of the Debtor(s) tax returns that were due within four years prior to the date of the petition have been filed except as follows:
_____

**(J); PROHIBITION AGAINST POST-PETITION TAX SET-OFFS.**

Any post-petition tax refund due the Debtor(s) shall not be used by any government agency to set-off any pre-petition obligation of the Debtor(s).

**(K); DISCHARGE AND DUTY OF SECURED CREDITORS.**

After completion by the Debtor(s) of all payments under this Plan: (a) the Debtor(s) will receive a discharge of debts; and (b) any secured creditor whose claim has been fully paid shall execute and deliver to the Debtor(s) such mortgage discharge, release or termination statement as is, or may be, required by law to release any lien secured by property of the Debtor(s) (See L.B.R.2015-5 (E.D.M.))

**(L); DEBTOR ENGAGED IN BUSINESS.**

[ ] If this box is checked, the Debtor(s) is self-employed, and

[ ] does not;    [ ] does    incur trade credit in the production of income.

The Debtor(s) are aware of the duties required by 11 U.S.C. §1304(b) and (c) regarding the operation of their business and shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.)

unless the Bankruptcy Court orders otherwise.

**(M); PLAN REFUNDS**

The Trustee may in the exercise of their duties to assist the Debtor in the performance under the Plan, grant reasonable refunds to the Debtor from the funds paid to the Trustee but not distributed to the Creditors, to meet emergency situations which may arise during the course of the plan. The Plan commitment period shall be extended or the plan payment increased to the extent necessary to repay all refunds granted.

**(N); OTHER PROVISIONS.**

The Plan includes the following additional provision(s):
_____
_____

Dated: 2/22/2010


Debtor /s/ Gary Eugene Weaver            Debtor /s/ Jill Louise Weaver


Prepared by:
Jerold T. Coon PC


By: /s/Jerold T. Coon
Jerold T. Coon (P48655)
Attorney for Debtors
3820 Isabella St
Midland, MI 48640
(989) 625-0969
jtcoon@charterinternet.com

**LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | 120,000.00 | 115,464.00 | 4,536.00 | 4,536.00 | 0.00 |
| VEHICLES | 39,700.00 | 22,925.00 | 16,775.00 | 9,675.00 | 7,100.00 |
| HHG/PERSONAL EFFECTS | 4,000.00 | 0.00 | 4,000.00 | 4,000.00 | 0.00 |
| JEWELRY | 1,000.00 | 0.00 | 1,000.00 | 1,000.00 | 0.00 |
| CASH/BANK ACCOUNTS | 2,345.00 | 0.00 | 2,345.00 | 2,345.00 | 0.00 |
| OTHER | 73,000.00 | 0.00 | 73,000.00 | 73,000.00 | 0.00 |

Amount available upon liquidation ................................................................... $ 7,100.00

Less administrative expenses and costs .......................................................... $ 0.00

Less priority claims ............................................................................................ $ 0.00

Amount Available in Chapter 7 ......................................................................... $ 7,100.00

# CHAPTER 13-MODEL WORKSHEET

| PLAN PAYMENTS: | | TOTALS |
|---|---|---|
| PRE-CONFIRMATION: (Multiply) biweekly | $ 172.33 each | $ 344.66 |
| POST-CONFIRMATION: biweekly until 6/2013 | $ 172.33 each | $ 14,188.50 |
| Biweekly from 7/2013 | $ 217.68 | $ 10,448.68 |
| Estimated Tax Refunds: | | $ 4,000 |
| **TOTAL ESTIMATED PLAN PAYMENTS:** | | $ 28981.84 |
| **DISBURSEMENTS:** | | |
| Trustee Fees | $ 2898 | |
| Attorney Fees | $ 2274 | |
| House Payments: | $ | |
| Escrow: | $ | |
| Arrearage (including interest): | $ | |
| **SECURED CLAIMS (INCLUDING INTEREST):** | | |
| Creditor: | $ | |
| Creditor: | $ | |
| Creditor: | $ | |
| Creditor: | $ | |
| Creditor: | $ | |
| **SPECIAL UNSECURED CLAIMS:** | | |
| Creditor: | $ | |
| Creditor: | $ | |
| Creditor: | $ | |
| **TOTAL ADMINISTRATIVE, SECURED AND** | | $ 5172.00 |
| **ESTIMATED FUNDS FOR UNSECURED** | | $ 23,809.84 |
| Priority Claims Per Schedule "E" | | $ 0 |
| Estimated Funds for Non-Priority Unsecured | | $ 23,809.84 |
| Unsecured Claims Per Schedule "F" | $ 47,779.00 | |
| Secured Deficiency Claims | $ | |
| Total Non-Priority Unsecured Claims | | $ 47,779.00 |
| **ESTIMATED PERCENTAGE DIVIDEND TO NON-PRIORITY UNSECURED CLAIMS** | | 50 % |

**THIS COMPUTATION OF THE PERCENTAGE DIVIDEND IS AN ESTIMATE ONLY**